## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CR-17-101-R** |
| | ) | |
| | ) | |
| **HAROLD LEE HARBERT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is Defendant's pro se Motion for Reduction in Sentence Under 18 U.S.C. § 3582 [Doc. No. 71], to which the government responded in opposition [Doc. No. 74]. Defendant is currently serving a 188-month sentence of imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In his present motion, he argues that several circumstances, including his health condition, the Covid-19 pandemic, the need to care for his ailing mother, and changes in the law, present extraordinary and compelling reasons to reduce his sentence.

The Tenth Circuit has adopted a three-step test for district courts to apply when considering motions filed under § 3582(c)(1). *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). Under that test, a court may reduce a sentence if the defendant has administratively exhausted his claim[1] and "meets three requirements: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) such a reduction is consistent

---

[1] The United States does not dispute that Defendant administratively exhausted his claim.

with the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a) support early release." *United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (citing *McGee*, 992 F.3d at 1042). "If any of the requirements are lacking, the district court may deny the motion without addressing other factors." *Id.*

Here, the Court denies Defendant's motion because the § 3553(a) factors do not support a reduction in Defendant's sentence. The circumstances leading to Defendant's conviction involved serious conduct that warrants a significant sentence, including shooting two rounds into a victim's home following a dispute over a drug deal. A subsequent search of Defendant's home revealed several firearms, ammunition, and controlled substances. Defendant also has a history of engaging in conduct that threatens public safety as he was on supervised release for a prior federal conviction for felon in possession of a firearm at the time of this incident and has prior convictions for unlawful conduct. Defendant's disciplinary record while incarcerated also shows several misconducts, which further counsels against a sentence reduction. After considering each of the § 3553(a) factors, (and particularly the nature and circumstances of the offense; Defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and the need to protect the public from further crimes of Defendant), the Court finds that reducing Defendant's sentence would not adequately reflect the sentencing factors.

Accordingly, Defendant's pro se Motion for Reduction in Sentence Under 18 U.S.C. § 3582 [Doc. No. 71] is DENIED.

IT IS SO ORDERED this 24th day of April, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE